[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-11480

Non-Argument Calendar

_____

JUSTIN LASTER,

                                             Plaintiff-Appellant,

*versus*

GEORGIA DEPARTMENT OF CORRECTIONS,

                                             Defendant-Appellee,

MACON STATE PRISON,

                                             Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00464-TES

_____

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

On October 30, 2024, Justin Laster, proceeding *pro se*, filed a document in this Court, which we eventually construed as both an untimely notice of appeal from the district court's September 2024 final order and judgment, and a motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6). We remanded the case to the district court to determine whether such relief was warranted, and the district court denied the construed motion. The district court then retransmitted another of Laster's previous notices of appeal, along with its order denying Rule 4(a)(6) relief, among other documents, to us, initiating this appeal. Laster later filed his own notice of appeal of the district court's order denying Rule 4(a)(6) relief, initiating appeal no. 25-11528.

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction because Laster did not file a notice of appeal to initiate it. *See* Fed. R. App. P. 3(a)(1)-(2); *Manrique v. United States*, 581 U.S. 116, 125 (2017) (explaining that we "may not overlook the failure to file a notice of appeal"); *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006) ("[A] . . . properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction."). Nothing in this order

25-11480                  Opinion of the Court                        3

affects our jurisdiction over appeal no. 25-11528, which was initiated by a notice of appeal Laster himself filed.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. 40-1 through 40-4 and all other applicable rules.